**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:23CV-P36-CRS**

**CHRISTOPHER MICHAEL LAY**                                                              **PLAINTIFF**

v.

**LOUISVILLE METRO CORRECTIONS** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Michael Lay filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give him an opportunity to amend the complaint.

**I. FACTUAL SUMMARY**

Plaintiff is a convicted inmate at Louisville Metro Department of Corrections (LMDC). He sues "Louisville Metro Corrections"; "Louisville Metro Corrections/Wellpath"; "Wellpath Employees at LMDC"; and "Wellpath, Nurse Wright" in her official capacity only.

Plaintiff alleges that in October 2022 he "was jumped by 4 men in LMDC . . . ." He states, "Before this I told classification numours times I was unsafe." He asserts, "After being jumped I was taken to U of L hospital due to my bladder swelling. While there Dr. Cook was my doctor in the ER. His assistant nurse over heard the officer tell me I am not to tell them what happen." Plaintiff alleges, "Now my bladder does not release on its own so I have to self calf to urineate. Since I been doing this my medical needs has been neglected." He maintains that he has evidence and witnesses to support this. He states, "I will never be able to pee on my own cause of what neglect I been through here and as a state inmate."

Plaintiff further alleges that in December 2022, "Nurse Wright was doing pill call on booking floor and said I did not have a order for a new self calf or lube so I was to use my old one with my spit. I notified 2 other nurses and 2 officers and was told to follow orders per Medical." He reports that "after 1 ½ week of using the dirty calf and spit was rushed to U of L where I was treated for ifection and dehidration. I was released and sent back to LMDC when Nurse Wright moved me to a non medical unit." He states that after a few days he was "moved to booking floor per medical" and that he talked to a non-defendant medical provider and that "she then moves me to medical floor where she made sure my medical needs was cared for."

Plaintiff asserts that on January 1, 2023, he asked for "new self calf" and that Wright "stated why the fu** you talking to me and walk away." He states that Wright "came back and said she called the doctor and he said I was to get new calfs and reuse my old one with spit." He reports that this was said in front of other personnel and that it was put in his medical records. Plaintiff states, "I have been having nonstop issues with this medical here and I wouldn't even be going through this if the jail kept me saf and didn't violate my rights."

As relief, Plaintiff seeks compensatory and punitive damages and "release from LMDC to seek right medical treatment."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

*Claims against LMDC, Wellpath, Wright, and "Wellpath Employees"*

Plaintiff names "Louisville Metro Corrections" as a Defendant, and the Court presumes that Plaintiff is suing LMDC. Plaintiff's claim against LMDC is actually brought against Louisville Metro Government. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New*

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff also sues "Louisville Metro Corrections/Wellpath," which the Court presumes to be Wellpath. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath, which has presumably contracted with Louisville Metro Government to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Plaintiff also sues Wright in her official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the official-capacity claim against Wright is construed as a claim against Wellpath.

4

In the instant case, Plaintiff does not allege that any action was taken pursuant to a custom or policy on the part of Louisville Metro Government or Wellpath. He alleges isolated incidents affecting only him. Accordingly, Plaintiff's claims against LMDC, Wellpath, and Wright in her official capacity must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff also sues "Wellpath Employees at LMDC." However, this claim must be dismissed because it fails to put any Defendant on notice of a claim against him or her. *See Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Therefore, Plaintiff's claim against "Wellpath Employees at LMDC" must be dismissed for failure to state a claim.

### *Request for release*

Moreover, Plaintiff's request for release from custody is not an available remedy under § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)). Therefore, Plaintiff's claim for release must be dismissed for failure to state a claim.

### *Opportunity to amend*

Before dismissing the action upon initial review, the Court will allow Plaintiff to file an amended complaint to name as Defendants the individuals who he alleges failed to protect him and denied him medical care and to sue such individuals in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's claims against "Louisville Metro Corrections"; "Louisville Metro Corrections/Wellpath"; "Wellpath Employees at LMDC"; and Wright in her official capacity and his request for release are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate "Louisville Metro Corrections"; "Louisville Metro Corrections/Wellpath"; and "Wellpath Employees at LMDC" as parties to this action.

As stated above, the Court will give Plaintiff an opportunity to file an amended complaint. **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file an amended complaint** naming the individuals who he alleges failed to protect him and denied him medical care and suing each individual in his or her individual capacity. Plaintiff must make specific allegations against each individual and describe how he alleges each violated his rights.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the action will be dismissed for the reasons stated herein**.

Date: February 10, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
4411.010